DOUGLAS HAN (SBN 232858)
doug@justicelawcorp.com
SHUNT TATAVOS-GHARAJEH (SBN 272164)
statavos@justicelawcorp.com
CHRIS PETERSEN (SBN 260631)
cpetersen@justicelawcorp.com
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for* Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHESTNUT and ANTIONETTE STANIEWICZ, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>OGILVY HOLDINGS LLC, a California limited liability company; OGILVY PUBLIC RELATIONS WORLDWIDE LLC, a Delaware limited liability company; THE OGILVY GROUP, LLC, a Delaware limited liability company; EXTREME REACH PAYROLL SOLUTIONS, INC., a Delaware corporation; EXTREME REACH PRODUCTION PAYROLL, INC., a Delaware corporation; EXTREME REACH TALENT, INC., a Delaware corporation; EXTREME REACH, INC., a Delaware corporation; and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No.: 24-cv-02978-DMR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>(1) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br>(2) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(3) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);<br>(4) Violation of California Business & Professions Code §§ 17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW, Plaintiffs ROBERT CHESTNUT and ANTIONETTE STANIEWICZ ("Plaintiffs"), individually, and on behalf of other members of the general public similarly situated, and allege as follows:

## JURISDICTION AND VENUE

1. This class action was originally brought in the Superior Court for the County of Alameda pursuant to California Code of Civil Procedure section 382. Defendants asserted in their notice of removal that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

2. Upon information and belief, Defendants are Delaware or California corporations, and at all times hereinafter mentioned, employed individuals throughout this District and throughout the State of California. Defendants maintain offices, have agents, and are licensed to transact and do business in this District.

## PARTIES

3. Plaintiff ROBERT CHESTNUT is an individual residing in the State of California. Plaintiff ANTIONETTE STANIEWICZ is an individual residing in the State of California.

4. Defendant OGILVY HOLDINGS LLC, at all times herein mentioned, was and is, upon information and belief, a California limited liability company, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Alameda. Defendant OGILVY PUBLIC RELATIONS WORLDWIDE LLC, at all times herein mentioned, was and is, upon information and belief, a Delaware limited liability company, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Alameda. Defendant THE OGILVY GROUP, LLC, at all times herein mentioned, was and is, upon information and belief, a Delaware limited liability company, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Alameda. Defendant EXTREME REACH PAYROLL SOLUTIONS, INC., at all times herein mentioned, was and is, upon information and belief, a

Delaware corporation, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Alameda. Defendant EXTREME REACH PRODUCTION PAYROLL, INC., at all times herein mentioned, was and is, upon information and belief, a Delaware corporation, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Alameda. Defendant EXTREME REACH TALENT, INC., at all times herein mentioned, was and is, upon information and belief, a Delaware corporation, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Alameda. Defendant EXTREME REACH, INC., at all times herein mentioned, was and is, upon information and belief, a Delaware corporation, and at all times herein mentioned, was and is, an employer whose employees are engaged throughout the State of California, including the County of Alameda.

5. At all relevant times, Defendants OGILVY HOLDINGS LLC, OGILVY PUBLIC RELATIONS WORLDWIDE LLC, THE OGILVY GROUP, LLC, EXTREME REACH PAYROLL SOLUTIONS, INC., EXTREME REACH PRODUCTION PAYROLL, INC., EXTREME REACH TALENT, INC., and EXTREME REACH, INC. were each an "employer" of Plaintiffs within the meaning of all applicable California laws and statutes.

6. At all times herein relevant, Defendants OGILVY HOLDINGS LLC, OGILVY PUBLIC RELATIONS WORLDWIDE LLC, THE OGILVY GROUP, LLC, EXTREME REACH PAYROLL SOLUTIONS, INC., EXTREME REACH PRODUCTION PAYROLL, INC., EXTREME REACH TALENT, INC., EXTREME REACH, INC., and DOES 1 through 10, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission,

encouragement, authorization, and consent of each defendant designated herein.

7. The true names and capacities, whether corporate, associate, individual or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who sue said defendants by such fictitious names. Plaintiffs are informed and believe, and based on that information and belief alleges, that each of the Defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiffs and the other class members as alleged in this Complaint. Plaintiffs will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

8. Defendants OGILVY HOLDINGS LLC, OGILVY PUBLIC RELATIONS WORLDWIDE LLC, THE OGILVY GROUP, LLC, EXTREME REACH PAYROLL SOLUTIONS, INC., EXTREME REACH PRODUCTION PAYROLL, INC., EXTREME REACH TALENT, INC., EXTREME REACH, INC., and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

9. Plaintiffs further allege that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs and the other class members so as to make each of said Defendants and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

10. Plaintiffs bring this action individually and on behalf of all other members of the general public similarly situated, and, thus, seek class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(3).

11. The proposed class is defined as follows:

> All current and former hourly paid or non-exempt actors and extras employed by Defendants to work on motion picture projects within the State of California at any time during the period from four years[1] preceding the filing of

---

[1] Pursuant to Emergency Rule 9 of the California Judicial Council's Emergency Rules Related to COVID-19, the statutes of limitations for civil causes of action that exceed 180 days are

*(Footnote continued)*

this Complaint to final judgment.

12. Plaintiffs reserve the right to establish subclasses as appropriate.

13. The class is ascertainable and there is a well-defined community of interest in the litigation:

    a. <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b. <u>Typicality</u>: Plaintiffs' claims are typical of all other class members' claims as demonstrated herein. Plaintiffs will fairly and adequately protect the interests of the other class members with whom they have a well-defined community of interest.

    c. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of each class member, with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs have no interest that is antagonistic to the other class members. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

    d. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

---

tolled from April 6, 2020, until October 1, 2020. Accordingly, Plaintiffs' claims were tolled during that time period.

5

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

  e. <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

14. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

  a. Whether Defendants deprived Plaintiffs and the other class members of legally mandated meal and/or rest periods and failed to compensate them the related premium wages pursuant to California Labor Code section 226.7(c);

  b. Whether Defendants failed to pay all wages due to class members within the required time upon their discharge or resignation;

  c. Whether Defendants' conduct was willful or reckless;

  d. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*;

  e. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

  f. Whether Plaintiffs and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

 Class certification of the first through fourth causes of action is appropriate pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because the aforementioned questions of law and common to the class predominate over any questions affecting only individual members of the class, and because a class action is

superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices have unlawfully denied Plaintiffs and other class members of meal and rest breaks and timely payment of wages upon termination of employment. The damages suffered by individual class members are relatively small compared to the expense and burden of individual prosecution of these claims. For this reason, as well as the fact that class members currently employed by Defendants may fear direct or indirect retaliation from Defendants for prosecuting an action against Defendants, the class members' interests in individually controlling the prosecution of this of this action is minimal. In addition, a class action in this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of Defendants' policies, practices, and procedures. Managing this case as a class action will not present difficulties as the parties can utilize approved methods of random statistical sampling and expert testimony at trial. Once class certification is granted, Plaintiffs shall send notice to all members of the class consistent with the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure. Specifically, Plaintiffs will submit a proposed notice to the Court for its approval, stating (i) the nature of this action, (ii) the definition of the class certified, (iii) the class claims, issues, or defenses, (iv) that a class member may enter an appearance through an attorney if the member so desires, (v) that the Court will exclude from the class any member who requests exclusion, (vi) the time and manner for requesting exclusion, and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

## GENERAL ALLEGATIONS

15. During the relevant time period set forth herein, Defendants employed Plaintiffs and other persons within the State of California, including the County of Alameda.

16. Defendants, jointly and severally, employed Plaintiffs during the relevant time period in the State of California, County of Alameda.

17. Defendants had the authority to hire and terminate Plaintiffs and other class members; to set work rules and conditions governing Plaintiffs' and other class members' employment; and to supervise their daily employment activities.

18. Defendants exercised sufficient authority over the terms and conditions of Plaintiffs' and other class members' employment for them to be joint employers of Plaintiffs and the other class members.

19. Defendants directly hired and paid wages and benefits to Plaintiffs and other class members.

20. Defendants continue to employ other workers within the State of California.

21. Plaintiffs and other class members were actors or extras on motion picture projects who were paid late for the acting work they performed.

22. Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a pattern and practice of wage abuse against actors and extras on commercials. This scheme involved, inter alia, paying them late and without required penalties for the late payment, and failing to provide legally mandated meal and rest breaks or pay related premium wages in lieu thereof, in violation of California law and in violation of contractual requirements.

23. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive certain wages and that Plaintiffs and other class members did not receive them timely.

24. Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide Plaintiffs and other class members the required rest and meal periods during the relevant time period as required by law, and thus they are entitled to any and all applicable penalties.

25. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive all timely and complete meal periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a meal period was missed, late or

interrupted, and that Plaintiffs and other class members did not receive all timely and proper meal periods or payment of one additional hour of pay at their regular rate of pay when a meal period was missed.

26. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and other class members were entitled to receive all timely rest periods without interruption or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was missed, late or interrupted, and that Plaintiffs and other class members did not receive all rest periods or payment of one additional hour of pay at their regular rate of pay when a rest period was missed.

27. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that class members were entitled to receive the wages owed to them upon discharge or resignation, including meal and rest period premiums, and that class members did not, in fact, receive such wages owed to them at the time of their discharge or resignation.

28. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that they had a duty to compensate Plaintiffs and other class members by law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and other class members that they were properly denied wages, all in order to increase Defendants' profits.

29. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiffs and other class members.

30. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay class members the wages owed to them upon discharge or resignation.

31. As a pattern and practice, during the relevant time period set forth herein,

Defendants failed to properly compensate Plaintiffs and other class members pursuant to California law in order to increase Defendants' profits.

32. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

**(Against OGILVY HOLDINGS LLC, OGILVY PUBLIC RELATIONS WORLDWIDE LLC, THE OGILVY GROUP, LLC, EXTREME REACH PAYROLL SOLUTIONS, INC., EXTREME REACH PRODUCTION PAYROLL, INC., EXTREME REACH TALENT, INC., EXTREME REACH, INC., and DOES 1 through 100)**

33. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 32, and each and every part thereof with the same force and effect as though fully set forth herein.

34. During the relevant time period set forth herein, the IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and other class members' employment by Defendants.

35. During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

36. During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than six (6) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, and a subsequent meal period must be provided not later than six (6) hours after the termination of the first meal period.

37. As a pattern and practice, during the relevant time period set forth herein, Plaintiffs and other class members who worked for periods making them eligible for first and

second meal periods were not provided those meal periods.

38. As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully required Plaintiffs and other class members to work during meal periods and failed to compensate Plaintiffs and the other class members the full meal period premium for work performed during meal periods. Thus, Plaintiffs were required to remain on set and actively available (even when cameras were not rolling), and were never given the opportunity to take 30 minutes uninterrupted for a meal period. Plaintiffs were outright denied a meal period on December 21, 2019, and on other shoots they performed on for Defendants, the dates of which Defendants have access to.

39. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiffs and other class members the full meal period premium due pursuant to California Labor Code section 226.7.

40. Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

41. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiffs and other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period was not provided.

## SECOND CAUSE OF ACTION

**(Violation of California Labor Code § 226.7)**

**(Against OGILVY HOLDINGS LLC, OGILVY PUBLIC RELATIONS WORLDWIDE LLC, THE OGILVY GROUP, LLC, EXTREME REACH PAYROLL SOLUTIONS, INC., EXTREME REACH PRODUCTION PAYROLL, INC., EXTREME REACH TALENT, INC., EXTREME REACH, INC., and DOES 1 through 100)**

42. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 41, and each and every part thereof with the same force and effect as though fully set forth herein.

43. During the relevant time period set forth herein, the applicable IWC Wage Order

and California Labor Code section 226.7 were applicable to Plaintiffs' and other class members' employment by Defendants.

44. During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

45. During the relevant time period set forth herein, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

46. As a pattern and practice, during the relevant time period set forth herein, Defendants required Plaintiffs and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked. Plaintiffs were outright denied rest breaks on December 21, 2019, among other shoots they performed on for Defendants, the dates of which Defendants have access to.

47. As a pattern and practice, during the relevant time period set forth herein, Defendants willfully required Plaintiffs and other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest period premium for work performed during rest periods. Defendants intentionally and willfully required Plaintiffs and other class members to work during rest periods and failed to compensate Plaintiffs and the other class members the full rest period premium for work performed during rest periods. Thus, Plaintiffs were required to remain on set and actively available (even when cameras were not rolling), and were not given the opportunity to take compliant rest breaks.

48. As a pattern and practice, during the relevant time period set forth herein, Defendants failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

49. Defendants' conduct violates applicable IWC Wage Orders and California Labor

Code section 226.7.

50. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each workday that the rest period was not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)
### (Against OGILVY HOLDINGS LLC, OGILVY PUBLIC RELATIONS WORLDWIDE LLC, THE OGILVY GROUP, LLC, EXTREME REACH PAYROLL SOLUTIONS, INC., EXTREME REACH PRODUCTION PAYROLL, INC., EXTREME REACH TALENT, INC., EXTREME REACH, INC., and DOES 1 through 100)

51. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 50, and each and every part thereof with the same force and effect as though fully set forth herein.

52. During the relevant time period set forth herein, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits their employment, their wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

53. As a pattern and practice, during the relevant time period set forth herein, Defendants intentionally and willfully failed to pay class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

54. Defendants' pattern and practice of failing to pay class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, are in violation of California Labor Code sections 201 and 202.

55. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

56. As explained above, Plaintiff Chestnut was paid late for commercial work he performed for Defendants. For example, Plaintiff was paid more than 72 hours after the December 21, 2019 commercial he worked on. He subsequently filed a claim with the Department of Industrial Relations. No action was taken on that complaint for years, during which the limitations period on his claim for Section 203 penalties was tolled. Plaintiffs' claims are timely due to the prompt and timely filing of their claim with the Department, and the duration of the pendency of that claim. Plaintiff Staniewicz also submitted a complaint to the Department of Industrial Relations in February 2020 for failure to timely pay wages upon termination of employment with respect to the December 21, 2019 commercial. That claim remains pending at the Department, although the Department has yet to set a hearing date. In light of the more than four-year pendency of that claim, Plaintiff Staniewicz chose to pursue her claims in this lawsuit. Her limitations period for her Section 203 claim has been tolled, due to the pendency of her DIR complaint.

57. Class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to the thirty (30) day maximum as provided by Labor Code section 203.

### FOURTH CAUSE OF ACTION

**(Violation of California Business & Professions Code §§ 17200, *et seq.*)**
**(Against OGILVY HOLDINGS LLC, OGILVY PUBLIC RELATIONS WORLDWIDE LLC, THE OGILVY GROUP, LLC, EXTREME REACH PAYROLL SOLUTIONS, INC., EXTREME REACH PRODUCTION PAYROLL, INC., EXTREME REACH TALENT, INC., EXTREME REACH, INC., and DOES 1 through 100)**

58. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 57, and each and every part thereof with the same force and effect as though fully set

forth herein.

59. Defendants' conduct, as alleged herein, has been, and continues to be unfair, unlawful and harmful to Plaintiffs, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

60. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

61. A violation of California Business & Professions Code sections 17200, *et seq*. may be predicated on the violation of any state or federal law. In this instant case, Defendants' pattern and practice of requiring Plaintiffs and other class members to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' pattern and practice of failing to timely pay wages to class members violate California Labor Code sections 201 and 202.

62. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

63. Plaintiffs and other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

64. Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiffs and other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, individually, and on behalf of other members of the general public similarly situated, request a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other members of the general public similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

**Class Certification**

1. That this action be certified as a class action;

2. That Plaintiffs be appointed as representatives of the Class;

3. That counsel for Plaintiffs be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current contact information (address, e-mail and telephone numbers) of all class members.

**As to the First Cause of Action**

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods to Plaintiffs and other class members;

6. That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

7. For all actual, consequential, and incidental losses and damages, according to proof;

8. For premium wages pursuant to California Labor Code section 226.7(c);

9. For pre-judgment interest on any unpaid wages from the date such amounts were due;

10. For reasonable attorneys' fees and costs of suit incurred herein; and

11. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

12. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and other class members;

13. That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

14. For all actual, consequential, and incidental losses and damages, according to proof;

15. For premium wages pursuant to California Labor Code section 226.7(c);

16. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

17. For such other and further relief as the Court may deem just and proper.

### As to the Third Cause of Action

18. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of class members (but not all) no longer employed by Defendants;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For statutory wage penalties pursuant to California Labor Code section 203 for the class members who have left Defendants' employ;

21. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide all meal and rest periods to Plaintiffs and the other class members, and failing to pay class members' wages timely as required by California Labor Code sections 201 and 202.

24. For restitution of unpaid wages to Plaintiffs and other class members and all pre-judgment interest from the day such amounts were due and payable;

25. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

26. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

27. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*; and

28. For such other and further relief as the Court may deem just and proper.

Dated: September 6, 2024       **JUSTICE LAW CORPORATION**

By: _____
Douglas Han
Shunt Tatavos-Gharajeh
Chris Petersen
*Attorneys for* Plaintiffs

18
First Amended Class Action Complaint for Damages